UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| JEAN REICHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| ENHANCED RECOVERY COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff, JEAN REICHARD ("Plaintiff"), by and through her attorneys, and for her Complaint against Defendant, ENHANCED RECOVERY COMPANY, LLC ("Defendant"), alleges as follows:

Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Fair Credit Extension Uniformity Act, 73 Pa. Stat. Ann. § 2270 *et seq*. ("FCEUA").

Jurisdiction and Venue

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Pennsylvania, personal jurisdiction is established

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

Parties

5. Plaintiff is a natural person residing in Waynesboro, Franklin County, Pennsylvania.

6. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3) and 73 Pa. Stat. Ann. § 2270.3.

7. Defendant is a company located in the State of Florida and conducting business in the State of Pennsylvania.

8. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6) and 73 Pa. Stat. Ann. § 2270.3, and sought to collect a consumer debt from Plaintiff.

9. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

Factual Allegations

10. Defendant is engaged attempts to collect a debt from Plaintiff.

11. Upon information and belief, the alleged debt arises from transactions made on a personal credit card(s) which was for personal, family and household purposes.

12. Around the middle of 2012, Defendant began placing telephone calls to Plaintiff in its attempts to collect the alleged debt.

13. Defendant leaves voicemail messages for Plaintiff when Plaintiff is unable to answer Defendant's telephone calls.

14. Defendant's voicemail messages ask Plaintiff to call it back at telephone number 800-358-2329. *See* transcribed voicemail message as Exhibit A hereto.

15. Defendant's messages do not identify itself for Plaintiff. *See* Exhibit A.

2

16. Defendant does not inform Plaintiff it is Enhanced Recovery Company, Enhanced Recovery or ERC. *See* Exhibit A.

17. Defendant also fails to inform Plaintiff that it is a debt collector. *See* Exhibit A.

18. Defendant's messages do not provide Plaintiff with any disclosure that it is a debt collector or that the nature of its call is related to a debt. *See* Exhibit A.

CLAIM FOR RELIEF

Count I – Fair Debt Collection Practices Act

19. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress and/or abuse Plaintiff;

   b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls to Plaintiff without meaningfully disclosing its identity;

   c. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means to attempt to collect a debt;

   d. Defendant violated §1692e(11) of the FDCPA by failing to disclose in communications that the communication was from a debt collector.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

   (1) Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

   (2) Actual damages pursuant to 15 U.S.C. § 1692k;

   (3) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

   (4) Awarding such other and further relief as may be just, proper and equitable.

Count II – Fair Credit Extension Uniformity Act

20. Defendant's violations of the FDCPA include, but are not limited to, the following:

 e. Defendant violated §2270.4(a) of the FCEUA by violating provisions if the FDPCA as identified *supra*.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as requested for violation of the FDPCA *supra*.

Dated: September 5, 2012    KROHN & MOSS, LTD.

            By: /s/ Michael Siddons

            Michael Siddons (SBN 89018)
            170 S. Independence Mall W., Suite 400E
            Philadelphia, PA 19106
            215-931-5828
            Attorney for Plaintiff